IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORRI ZAHAVI,                              )
                                           )
        Plaintiff,                         )        Civil Action No. 07- 376
                                           )        ELECTRONICALLY FILED
        v.                                 )
                                           )
THE PNC FINANCIAL SERVICES                 )        Magistrate Judge Lisa Pupo Lenihan
GROUP, INC., and PNC BANK CORP.,           )
                                           )        Doc. No. 5
        Defendants.                        )
                                           )

## OPINION AND ORDER

LENIHAN, M.J.

        Currently before the Court for disposition is Defendants' Motion to Dismiss pursuant to

Fed.R.Civ.P. 12(b)(6) (Doc. No. 5).  In this employment discrimination case, Plaintiff has brought

claims under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA"), Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans

with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), alleging discriminatory treatment and

termination based on gender and disability, and sexual harassment.[1]  Defendants seek dismissal of

the entire complaint, contending that Plaintiff failed to timely exhaust her administrative remedies.

For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss as to Plaintiff's

claims under the PHRA (Count II) and claims for gender discrimination and harassment under Title

VII, but will deny the motion in all other respects.

---

1.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331,
1367, and 42 U.S.C. §§ 2000e-5, 12112 & 12117.

## I.   RELEVANT FACTS

Plaintiff, Lorri Zahavi, was employed by PNC Financial Services Group ("PNC") for approximately 21 years.  On April 15, 2005, PNC terminated Plaintiff's employment for allegedly violating its loan procedures and falsifying certain loan information.[2]  Plaintiff disputes the reasons given for her termination.

Plaintiff subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  In her complaint, Plaintiff alleges that she filed her original charge of discrimination with the EEOC on December 28, 2005, and that she cross-filed her charge with the Pennsylvania Human Relations Commission ("PHRC").  (Compl. ¶ 24.)  Plaintiff did not attach to her complaint a copy of her original charge filed with the EEOC, but rather, attached a copy of what she alleges is the original EEOC charge to her brief in opposition to the motion to dismiss.  However, this charge is dated October 11, 2005 and shows an EEOC Received date-stamp of October 12, 2005[3] (the "October 11, 2005 charge"). (Ex. A. to Pl.'s Brief in Opp'n to Mot. to Dismiss.)  There does not appear to be any charge number assigned to the October 11, 2005 charge.  In the October 11, 2005 charge, Plaintiff indicated the cause of the discrimination by checking the box labeled "disability."  (Id.)  Plaintiff also sets forth a factual statement of the events supporting her disability discrimination charge, and that she was treated more unjustly after her employer learned she was undergoing cosmetic breast implant surgery and her employer then disclosed this

---

2.  At the time of her discharge, Plaintiff was employed as a consumer loan officer, performing underwriting duties, among others.

3.  October 12, 2005 is exactly 180 days after her termination.

information to a third party without permission.[4]  (*Id*. at ¶ 5.)

On the other hand, Defendants have attached a copy of a charge of discrimination presented to the EEOC, dated December 28, 2005 and signed by Plaintiff, to their memorandum of law in support of their motion to dismiss (the "December 28, 2005 charge").  (Ex. B to Defs.' Mem. of Law in Supp. of Mot. to Dismiss.)   The December 28, 2005 charge contains EEOC Charge No. 172-2006-00259.  (*Id*.)  In the original charge filed with the EEOC, Plaintiff indicated the cause of her discrimination charge by checking the box for "disability" and provided a statement alleging facts in support of a claim for discrimination based on disability.  This factual statement does not include the allegation regarding cosmetic breast implant surgery.  (Ex. B to Defs.' Mem. of Law.)[5]

A Notice of Charge of Discrimination, referencing EEOC Charge No. 172-2006-00259, was sent to Plaintiff's employer on January 5, 2006.  (Ex. B to Defs.' Mem. of Law.)   On January 23, 2006, the PHRC issued a letter to Plaintiff notifying her that the EEOC sent a copy of her discrimination charge to the PHRC and that under the work-share agreement between the EEOC and PHRC, the charge was considered filed with the PHRC.[6]  (Ex. B to Pl.'s Br. in Opp'n.)  The exact

4.  In addition to the October 11, 2005 charge, Plaintiff also attached to her brief in opposition to the motion to dismiss a copy of a General Information Questionnaire, which also contains an EEOC Received date-stamp of October 12, 2005, and a General Intake Questionnaire completed by her on October 11, 2005.  (Ex. A to Pl.'s Brief in Opp'n.)

5.  It is unclear from the complaint and the parties' briefs why there appear to be two original charges of discrimination.  In her brief in opposition to the motion to dismiss, Plaintiff states only that the December 28, 2005 charge appears to be a second charge prepared for reasons that are not clear.  Plaintiff further explains that the October 11, 2005 charge and questionnaire (attached as Ex. A to her brief) constitute the original documents filed by her former counsel with the EEOC.  (Pl.'s Brief in Opp'n at 2.)  Defendants challenge the authenticity of the October 11, 2005 charge and questionnaire, as well as this Court's jurisdiction over that charge.

6.  It appears that the EEOC charge received by the PHRC was the December 28, 2005 charge, as the letter from the PHRC references EEOC Charge No. 172-2006-00259.

date that the PHRC received the December 28, 2005 charge from the EEOC is not clear but, in any event, had to be sometime after December 28, 2005 but before January 23, 2006.

On May 10, 2006, Plaintiff filed an amended charge of discrimination with the EEOC, in which she checked the box for "gender" discrimination as well as "disability" discrimination, and provided additional factual allegations in support of her gender discrimination and harassment claims. (Ex. C to Defs.' Mem. of Law.)  In particular, the amended charge alleges that she was held to different performance standards than male employees, and that in 2004, she was subjected to humiliating inquiries at work after her supervisor inappropriately revealed to co-workers and customers that she had obtained breast implants.  (*Id.*)  The amended charge also alleged that she was discharged for a lending practice that was routinely followed by male employees who were neither disciplined  nor terminated for the same or worse offenses. (*Id.* at ¶¶ 1-2.)

On December 26, 2006, the EEOC issued a right to sue letter in regard to EEOC Charge No. 172-2006-00259.  (Ex. D to Defs.' Mem. of Law.)  Subsequently, Plaintiff timely instituted the present lawsuit on March 22, 2007 as to EEOC Charge No. 172-2006-00259.  In response, Defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).  That motion has been fully brief by all parties and is now ripe for disposition.

## II.    STANDARD OF REVIEW – MOTION TO DISMISS

As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences

must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See Cal. Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A Miller, *Federal Practice & Procedure* § 1216, pp. 235-36 (3d ed. 2004)). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id.* A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).[7]

_____

7. Of particular relevance here, several district courts in this circuit have held that an EEOC charge of discrimination and other related documents (e.g., right to sue letter, intake questionnaire) are public records, and therefore, the court may consider these documents without converting the motion to dismiss into a motion for summary judgment. *Branum v. United Parcel Serv., Inc.,* 232 F.R.D. 505, 506 n. 1 (W.D.Pa. 2005) (Conti, J.) (citing *Rogan v. Giant Eagle, Inc.,* 113 F. Supp. 2d 777, 782 (W.D.Pa. 2000) (Cohill, J.); *Burkhart v. Knepper,* 310 F. Supp. 2d 734, 741-42 (W.D.Pa. 2004) (Gibson, J.); *Hercik v. Rodale, Inc.,* No. Civ.A. 03-CV-06667, 2004 WL 1175734, * 1 (E.D.Pa. May 24, 2004) (other citation omitted)); *see also Price v. Schwan's Home Serv., Inc.,* No. Civ. A. 05-220J, 2006 WL 897721, * 3 (W.D.Pa. Apr. 3, 2006)

III.   **ANALYSIS**

In support of their Motion to Dismiss, Defendants make three arguments.  First, Defendants argue that Plaintiff filed a charge of discrimination against her employer with the PHRC on December 28, 2005, more than 180 days after she was discharged from her employment on April 15, 2005.  Therefore, Defendants contend Plaintiff's claim under the PHRA is untimely and should be dismissed.  Second, Defendants submit that because Plaintiff failed to timely file her original charge with the PHRC within the 180-day filing period, she is not entitled to the 300-day filing period under 42 U.S.C. § 2000e-5(e)(1) for filing a charge with the EEOC, and therefore, her ADA claim and her Title VII claims for gender discrimination and harassment are also time-barred.  Finally, in the alternative, Defendants submit that in the event the Court finds Plaintiff's ADA and Title VII claims are timely, Plaintiff failed to exhaust her administrative remedies with regard to her Title VII claims of gender discrimination and harassment because those claims do not relate back to her original charge of disability discrimination and therefore are time-barred.  The Court will address each of these arguments below.

A.   **The October 11, 2005 Charge**

As a preliminary matter though, the Court must first address Defendants' challenge to the authenticity of the October 11, 2005 charge (as well as the Intake Questionnaire),[8] as the resolution of this issue will impact Defendants' arguments in support of dismissal.  In their reply brief,

(Gibson, J.) (In deciding motion to dismiss, court could rely on PHRC complaint where defendant made it part the motion, the document was authentic, and plaintiff's claim rested upon it (citing *Steinhardt Group, Inc. v. Citicorp,* 126 F.3d 144, 145 (3d Cir. 1997))).

8.  The Court's discussion of the Defendants' challenge to the October 11, 2005 charge applies equally to the Intake Questionnaire of the same date.

Defendants challenge the authenticity of the October 11, 2005 charge on several bases.  First, Defendants argue that this charge does not have any EEOC charge number assigned to it.  Next, Defendants argue that Plaintiff does not refer to or incorporate the October 11, 2005 charge in her complaint, nor does the complaint contain any allegation that the EEOC or PHRC issued a notice of right to sue for this charge, or that Plaintiff timely instituted a civil action within 90-days of receipt of the notice of right to sue for this charge.  Defendants argue that pleading compliance with this deadline in the complaint is a jurisdictional prerequisite to maintaining this action.  Finally, Defendants contend that in any event, the October 11, 2005 charge fails to claim gender discrimination or harassment, in that it fails to allege disparate treatment based on gender, and therefore, the gender related claims contained in her untimely amended charge  do not "relate back" to the October 11, 2005 charge.

The Court agrees with Defendants that the complaint fails to refer to or incorporate the October 11, 2005 charge, and none of the notices from the EEOC or the PHRC refer to the October 11, 2005 charge.  Rather, all of the official correspondence from the EEOC and PHRC refer to the December 28, 2005 charge.  In addition, Plaintiff has failed to allege in her complaint that she has instituted the present action within 90 days of a notice of right to sue on the October 11, 2005 charge. Although normally the Court may consider matters of public record (such as a charge of discrimination with the EEOC and intake questionnaire) in deciding a motion to dismiss, the authenticity of the October 11, 2005 charge is not undisputably authentic, *see Steinhardt Group,* 126 F.3d at 145, and the Plaintiff's claims, as set forth in the complaint, are not based on this charge.

Equally fatal to her claim is that Plaintiff has failed to satisfy Title VII's statutory filing

requirements for instituting suit in federal court based on the October 11, 2005 charge.[9]  A statutory

prerequisite to filing suit in federal court is the issuance of the notice of right to sue by the EEOC.

*Price v. Schwan's Home Serv., Inc.,* No. Civ. A. 05-220J, 2006 WL 897721, * 4 (W.D.Pa. Apr. 3,

2006) (Gibson, J.) (citing *Story v. Mechling,* 412 F. Supp. 2d 509, 513 (W.D.Pa. 2006); *Burgh v.*

*Borough  Council of Borough of Montrose,* 251 F.3d 465, 470 (3d cir. 2001)).  Plaintiff has not pled

nor has she attached a notice of right to sue with regard to the October 11, 2005 charge.  Thus, based

on the current record, it does not appear that Plaintiff has satisfied the statutory prerequisite to

instituting suit on the October 11, 2005 charge.

Therefore, for purposes of Defendants' motion to dismiss, the December 28, 2005 charge is

the only charge properly before the Court.[10]   That being said, Plaintiff is not precluded from

amending her complaint to include a claim or claims based on the October 11, 2005 charge, provided

she can sufficiently allege facts to establish the authenticity of that charge and compliance with the

statutory prerequisites to filing suit with regard to that charge (or some basis for applying equitable

tolling).

**B.     PHRA Claims - Count II**

Based on the December 28, 2005 charge, Defendants submit that Plaintiff's PHRA claims

are untimely, and therefore, must be dismissed.  In response,  Plaintiff relies on the October 11, 2005

---

9.  The ADA incorporates by reference Title VII's "powers, remedies, and procedures."  42
U.S.C. 12117.  Thus, the discussion regarding the statutory prerequisites and exhaustion of
administrative remedies under Title VII applies equally to Plaintiff's ADA claim.

10. Accordingly, the Court does not reach Defendants' alternative argument that the October 11,
2005 charge fails to claim gender discrimination or harassment, and therefore, the gender related
claims contained in her untimely amended charge  do not "relate back" to the October 11, 2005
charge.

charge, and contends that because the PHRC and EEOC have a work-share agreement, service of the charge of discrimination on the EEOC is deemed to be served on the PHRC as of the same date. Since October 12, 2005 is exactly 180 days from the date of her termination on April 15, 2005, Plaintiff submits that her administrative claim was timely filed under both EEOC and PHRC requirements. The Court agrees with Defendants that Plaintiff's PHRA claims are untimely and must be dismissed.

In order to bring a civil action under the PHRA, a claimant must first file an administrative complaint with the PHRC within 180 days of the alleged discriminatory action. 43 Pa. Stat. § 959(a), (h); *Woodson v. Scott Paper Co.,* 109 F.3d 913, 925 (3d Cir. 1997) (citing 43 Pa. Stat. §§ 959(a), 962); *Gharzouzi v. Nw. Human Serv. of Pa.,* 225 F. Supp. 2d 514, 527 (E.D.Pa. 2002) (citing *Woodson,* 109 F.3d at 927). Under Pennsylvania law, a charge of discrimination that has been forwarded by the EEOC to the PHRC pursuant to the work-share agreement[11] has been deemed sufficient to satisfy the complaint requirements of the PHRA. *Lantz v. Hosp. of Univ. of Pa.,* Civ.A. No. 96-2671, 1996 WL 442795, * 3 (E.D.Pa. July 30, 1996) (citing *Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431, 452 (Pa. Super. 1980) (other citation omitted)). Nonetheless, a claimant may not rely on the work-share agreement to satisfy all of the requirements of the PHRA to be entitled

---

11. In a deferral state such as Pennsylvania that provides an administrative remedy for employment discrimination claims, a claimant cannot file a charge with the EEOC unless that charge has first been filed with the PHRC and either (1) 60 days have transpired or (2) the PHRC has terminated its proceedings. *Woodson,* 109 F.3d at 926. However, the PHRC and the EEOC have entered into a work-share agreement whereby each agency waives its right to initially review claims that are first filed with the other agency. *Id.* at 925-26. Thus, under this agreement, a claim that is first filed with the EEOC, as in the case at bar, may be processed by the EEOC without being investigated initially by the PHRC, as the PHRC has effectively waived its statutory right to initially process discrimination claims. *Id.* at 926. Accordingly, the work-share agreement operates to "terminate" the PHRC proceedings where the complaint is filed initially with the EEOC.

to the available relief under the PHRA. *Woodson,* 109 F.3d at 927 (citing *Fye v. Central Transp. Inc.,* 409 A.2d 2 (Pa. 1979) ("EEOC procedures are not a sufficient surrogate for PHRC remedies")). Consequently, a claimant cannot rely on the work-share agreement alone to show that the PHRC received his or her claim, but rather, must show that the PHRC actually received the complaint. *Id.*; *Lantz,* 1996 WL 442795, at *3 (citing *Parsons v. Phil. Coordinating Office of Drug & Alcohol Abuse Programs,* 833 F. Supp. 1108, 1114 (E.D.Pa. 1993)).   Under Pennsylvania law, a complaint is deemed filed with the PHRC on the date it is *received* by the PHRC, regardless of whether the complaint was forwarded to the PHRC by the EEOC or filed by the claimant directly with the PHRC. 16 Pa. Code § 42.14(c); *Cunningham v. Freedom Ford Sales, Inc.,* Civ.A. No. 03:2006-205, 2007 WL 2404739, * 4 (W.D.Pa. Aug. 17, 2007) (Gibson, J.) (citing *Barb v. Miles, Inc.,* 861 F. Supp. 356, 361 (W.D.Pa. 1994); 16 Pa. Code § 42.14(c)).

    In the case at bar, in order for the PHRA claims to be timely, the PHRC would have to have received the charge from the EEOC on or before October 12, 2005.  As the only charge properly before this Court is the one filed with the EEOC on December 28, 2005, and that charge was filed over two months beyond the 180 day time limit, the Court finds that the PHRA claim could not have been transmitted to and received by the PHRC in a timely fashion.  This conclusion is further buttressed by the letter to Plaintiff from the PHRC acknowledging receipt of EEOC Charge No. 172-2006-00259, which is dated January 23, 2006.  Moreover, Plaintiff does not assert that equitable tolling should apply, nor do the factual allegations in the complaint suggest that any of the reasons for applying equitable tolling are implicated here.[12]

---

12.  Equitable tolling may be appropriate in three principle situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the

Therefore, based on the December 28, 2005 charge, Court concludes that the PHRC received the charge beyond the 180-day period required by law.   Accordingly, the Court will grant Defendants' motion to dismiss as to Count II.

**C.**   **Timeliness of Plaintiff's Title VII Claims**

Next, Defendants argue that because Plaintiff failed to timely file her original charge with the PHRC within the 180-day filing period, she is not entitled to the 300-day filing period under 42 U.S.C. § 2000e-5(e)(1) for filing a charge with the EEOC, and therefore, her Title VII claims are also time-barred.[13]   Not surprisingly, Defendants fail to cite any authority in support of their argument, because their argument runs directly counter to clearly established Supreme Court precedent.   In response, Plaintiff correctly advances the established law, that the EEOC's 300-day time limit applies whether or not the charge was first filed with the state agency or within the state agency's limitation period in a state that has a work-share agreement.

Because a work-share agreement exists in Pennsylvania between the PHRC and the EEOC, a charge of discrimination under Title VII  will be timely filed as long as the plaintiff files the charge with the EEOC within 300 days of the allegedly discriminatory conduct. *Brennan v. Nat'l Tel. Directory Corp.,* 881 F. Supp. 986, 993 (E.D.Pa. 1995) (citing 42 U.S.C. § 2000e-5(e)(1)).   This is so even when the filing of the discrimination charge with the PHRC was untimely.  *See EEOC v.*

─────────────────────

plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  *Cunningham,* 2007 WL 2404739, at * 5 (citing *Epps v. City of Pittsburgh,* 33 F. Supp. 2d 409, 413 (W.D.Pa. 1998)).

13.  Although Defendants are correct that the *filing* of a charge with the EEOC is a jurisdictional prerequisite to maintaining a civil action under Title VII, the *timeliness* of the EEOC filing is subject to equitable doctrines of waiver, estoppel and tolling.  *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398 (1982).

*Commercial Office Prod. Co.,* 486 U.S. 107, 123-24 (1988) (citing *Oscar Mayer & Co. v. Evans,*

441 U.S. 750, 755 (1979)) (holding complainant who filed discrimination charge that was untimely

under state law was nonetheless entitled to Title VII's extended 300-day federal filing period).

Therefore, since the December 28, 2005 charge was filed within 300 days of Plaintiff's discharge,

the Court finds the charge was timely filed.  Accordingly, Defendants' motion to dismiss Plaintiff's

Title VII claims is denied on that basis.

Defendants and their counsel are reminded of their obligation under Fed. R.Civ. P. 11(b) and

cautioned that in the future, any legal arguments advanced that are contrary to controlling precedent,

without acknowledging such precedent and attempting to distinguish it, will be met with appropriate

sanctions.

>  **D.**  **Exhaustion of Administrative Remedies as to Plaintiff's**
>       **Title VII Claims for Gender Discrimination and Harassment**

Finally, Defendants advance two arguments in support of dismissal of Plaintiff's gender

based claims.  First, Defendants argue that Plaintiff's claims of harassment and discrimination based

on gender under Title VII and the PHRA were untimely filed and therefore should be dismissed. In

support of this argument, Defendants point out that Plaintiff failed to check the box for gender

discrimination on the December 28, 2005 charge, and submit that those claims were first raised in

her amended charge which was filed more than one year after Plaintiff's termination.  Therefore,

Defendants submit that Plaintiff's gender based claims are untimely and should be dismissed.

Second, Defendants contend that Plaintiff's gender based  claims do not grow out of or relate back

to her December 28, 2005 charge.  In support of this argument, Defendants contend that Plaintiff

failed to allege any facts in support of these claims in her December 28, 2005 charge.[14]  Defendants maintain that the gender discrimination and harassment claims are separate and distinct from her disability discrimination claim, and do not grow out of or relate back to her original charge.  Thus, Defendants argue that Plaintiff's gender based claims should be dismissed with prejudice for failure to timely exhaust her administrative remedies.

In response, Plaintiff disagrees that her claims of gender discrimination and harassment should be dismissed because the EEOC charge does not list sex as a basis of discrimination, and in support of this position, cites *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960 (3d Cir. 1978).  (Pl.'s Br. in Opp'n at 3-4.)  In addition, Plaintiff maintains that in the original (October 11, 2005) charge, she clearly sets forth facts that would support an inference that she had been subjected to discrimination based on sex.[15]  (*Id.* at 4.)  Plaintiff further contends that the same operative facts, *i.e.,* the "disparate scrutiny and termination," are clearly the basis of both her original and amended charges and subsequent complaint.[16]  (*Id.*)  Thus, Plaintiff contends the subject of the amended charge is the nature of Defendants' discriminatory animus, which is almost always provable only by inference

---

14. Defendants further argue that the unauthenticated October 11, 2005 charge fails to allege facts to support a claim of discrimination and harassment based on gender, *i.e.,* that Plaintiff's male comparators violated the same policies without being disciplined or that she was replaced by a male employee.

15. The flaw in Plaintiff's argument is her assumption that the October 11, 2005 charge is the original charge for relation back purposes.  As explained above, however, the Court views the December 28, 2005 charge as the only charge properly before it.

16. Although in her brief in opposition to the motion to dismiss Plaintiff describes the scrutiny of her work and her termination as "disparate," none of the allegations in her original charge uses such broad language, but rather, the factual allegations refer specifically to the heightened scrutiny of her work as a result of her disability.

from the facts alleged.[17]  (*Id.* at 4-5.)  Plaintiff submits that like the plaintiff in *Hicks,* she should not

be penalized if the EEOC failed to investigate the circumstances placed squarely before it.[18]  (*Id.* at

5.)

Distilled to its most elementary form, the question before this Court, therefore, is really one

of content and not timeliness:  Because the amended charge filed on May 10, 2006 was filed more

than one year after Plaintiff's termination, it is untimely unless Plaintiff can show that the claims in

the amended charge relate back to the conduct alleged in the December 28, 2005 charge.

A charge of discrimination timely filed with the EEOC may be enlarged to include other

alleged discrimination that is reasonably related to the discrimination set forth in the original timely

EEOC charge.  *Money v. Provident Mut. Life Co.,* No. Civ. A. 04-846, 2004 WL 1243739, *2

(E.D.Pa. June 3, 2004) (citing *EEOC v. St. Michaels Hosp. of Franciscan Sisters, Milwaukee, Inc.,*

6 F. Supp. 2d 809 (E.D. Wis. 1998)).  The EEOC regulations provide some guidance on this point:

> A charge may be amended to cure technical defects or omissions,
> including failure to verify the charge, or to clarify and amplify
> allegations made therein.    Such amendments and amendments
> alleging additional acts which constitute unlawful employment
> practices related to or growing out of the subject matter of the original
> charge will relate back to the date the charge was first received.  A
> charge that has been so amended shall not be required to be
> redeferred.

17.  If this was the standard for determining whether amendments related back, the
administrative review process would be rendered a nullity, as virtually every allegation in an
amended charge would relate back under this standard.

18.  Nothing in the complaint or in the evidence of record suggests that the EEOC failed to
investigate the circumstances before it in the instant matter.  Rather, Plaintiff raises this argument
only in her brief.  Moreover, she does not explain what she means by this statement–that there
was no investigation at all, or that there was an investigation, but it was inadequate or
unreasonable.  In any event, Plaintiff has failed to allege sufficient facts to withstand a motion to
dismiss based on the reasonableness of the EEOC's investigation.

29 C.F.R. § 1601.12(b).  Thus, if the alleged discrimination in the amended charge is within the same

subject matter as the original EEOC charge, then the discrimination in the amended charge will be

deemed to be reasonably related to and grow out of the original EEOC charge and thus timely filed.

*Money,* 2004 WL 1243739, at * 2 (citing *St. Michaels Hosp.*, 6 F. Supp. 2d at 817).

In making this determination, the "'crucial element of a charge of discrimination is the

factual statement contained therein' and not 'the attachment of a legal conclusion to the facts

alleged.'"  *Bernstein v. Nat'l Liberty Int'l Corp.*, 407 F. Supp. 709, 712-13 (E.D. Pa. 1976) (holding

the failure to attach a legal conclusion, such as sexual discrimination, to factual occurrences set forth

in a charge of discrimination is a "technical defect" within the meaning of 29 C.F.R. § 1601.11(b),[19]

and therefore, an amended charge remedying the defect relates back to the filing date of the original

charge (quoting *Sanchez v. Std. Brands, Inc.,* 431 F.2d 455, 462 (5th Cir. 1970)).

The Third Circuit reached a similar conclusion in *Wetzel v. Liberty Mut. Ins. Co.,* 511 F.2d

199, 202 (3d Cir. 1975), *vacated on other grounds,* 424 U.S. 737 (1976).  In that case, the claimant

incorrectly checked the box labeled "Terms and Conditions" instead of "Benefits" on the charge

form.  The court of appeals refused to dismiss the plaintiffs' claims relating to the employer's

pregnancy policies on such a technicality, noting that the rights of private litigants must not be barred

by procedural technicalities if Title VII is to operate effectively. *Id.* (citing *Alexander v. Gardner-

Denver Co.,* 415 U.S. 36, 44 (1974); *Sanchez, supra*).  In reaching this conclusion, the court of

appeals found the plaintiffs' status as laymen, unassisted by trained lawyers, was determinative and

found that to hold otherwise would seriously undermine the policies of the Civil Rights Act and

_____

19.  The language of the EEOC regulation regarding the "relation back" of an amendment in
1976, as set forth in 29 C.F.R. § 1601.11(b), is substantially the same as the language contained
in 29 C.F.R. § 1601.12(b) (2007).

would serve to harm the interests of those whom the Act was designed to protect.  *Id.* at 202-03

(citing *Love v. Pullman Co.,* 404 U.S. 522, 527 (1972)).     Based on *Bernstein* and *Wetzel*, the

Court concludes that the fact that Plaintiff did not check the box for gender discrimination in her

original charge is not alone dispositive on this issue. Instead, the Court has looked at the substance

of the factual allegations in the original and amended charges, and has determined that the claims

of gender based discrimination and harassment alleged in the amended charge do not arise out of the

same facts as the alleged disability discrimination.

It is clear from reviewing the December 28, 2005 charge that neither the subject matter nor

factual allegations in that charge related to claims of gender discrimination and harassment, either

specifically or by inference.  The subject matter of the original charge consisted of Plaintiff's

expression of her disagreement with the reason given by her employer for her termination, to wit,

that she was discharged "based on the respondent's disagreement with [her] exercise of discretion,

rather than on misconduct or alleged falsification of a loan application." (Ex. B to Defs.' Mem. of

Law.) Plaintiff also provided a description of Defendants' conduct, specifically asserting that after

her surgeries for a medical condition,[20] her job performance was unjustifiably scrutinized, and

Defendants no longer took her seriously and undertook heightened scrutiny of her work based on

their belief that her ability to exercise discretion was impaired by her disability.  In other words, the

focus of the original charge with the EEOC was on Defendants' heightened scrutiny of Plaintiff's

work and discretionary decisions due to her disability.

On the other hand, the additional acts alleged in the amended charge consisted of the

following: (1) Plaintiff was held to difference performance standards than male employees; (2) in

---

20.  Plaintiff underwent surgery in 2002 and 2003 for brain aneurysms.

16

2004, Plaintiff told her immediate supervisor in confidence that she was having breast implant surgery, and he subsequently communicated this information to Plaintiff's customers and co-workers, thereby subjecting her to humiliating inquiries; (3) she was discharged for a lending practice routinely followed by males, who were neither disciplined nor terminated for similar conduct; and (4) she was replaced by a male.  (Amended Charge, Ex. C to Defs.' Mem. of Law, ¶1-2.)  In addition, on her amended charge, Plaintiff checked the boxes labeled "sex" and "disability" for the cause of the discrimination.  (*Id.*)

Thus, based on its review of the statements in the original and amended charges, the Court Concludes that none of additional acts of gender discrimination and harassment alleged in the amended charge relates to the subject matter of the December 28, 2005 charge.  Even a liberal construction of the scope of the December 28, 2005 charge does not change the Court's conclusion.[21] Accordingly, the Court concludes that the amended charge does not relate back to the December 28, 2005 charge.

Plaintiff's reliance on *Hicks* is misplaced and therefore, *Hicks* does not alter the Court's conclusion.  In *Hicks,* the charge filed with the EEOC alleged that the plaintiff was discriminated against on the basis of race by being subjected to disparate treatment as to salary and work conditions and was later discharged.  The plaintiff there also alleged that he attempted to amend his charge with the EEOC to include a claim of sex discrimination, but the EEOC refused to accept his amendment. The record did not indicate whether the attempted amendment was made within the 180-day statutory period.  572 F.2d at 964-65.  In his subsequent civil complaint filed in federal court,

---

21.  The public interest behind such liberal construction may not be implicated here as it appears that Plaintiff may have been represented by counsel, at least at the time she completed the October 11, 2005 charge.  (Pl.'s Br. in Opp'n at 2.)

plaintiff alleged claims of discrimination based on race and sex.

In reversing the district court's dismissal of the sex discrimination claim for lack of jurisdiction, the Court of Appeals in *Hicks* found two possible bases for jurisdiction, which raised issues of fact and therefore defeated defendant's summary judgment motion.[22]  First, the Court of Appeals held that the record raised a genuine question as to whether the amendment would have related back to the original filing date and therefore should have been accepted even if filed late.  *Id.* at 965. Acknowledging that the EEOC regulations allow for relation back of amendments, the Court of Appeals held that when applying this regulation, courts must be mindful that the drafters of the discrimination charges are usually lay persons who are not well versed in the art of legal description, and therefore, must liberally construe the scope of the original charge.  *Id.* at 965 (citing 29 C.F.R. § 1601.11(b) (1976) (other citation omitted)).  After examining the complaint, EEOC charge, and plaintiff's deposition testimony, the Court of Appeals found the instances of sex discrimination described in the complaint arose from the same acts that supported plaintiff's claims for race discrimination.  Thus, the *Hicks* court concluded that this evidence raised a genuine issue as to whether the attempted amendment would have "'directly related to'" the facts in the original charge and thus would have related back to the original filing date.  *Id.*

The second possible basis for jurisdiction identified by the Court of Appeals in *Hicks* was the scope of the civil action following the EEOC's notice of right to sue.  Applying the two-part standard enunciated in *Ostapowicz v. Johnson Bronze Co.,* the Court of Appeals opined that "[o]nce a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the

---

22.  The district court in *Hicks* was ruling on a motion for summary judgment, while here the Court is ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 966 (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398-99 (3d Cir. 1976) (other citations omitted)).  The Court of Appeals held that a genuine issue existed as to whether the EEOC investigation reasonably would have included an examination of the sex discrimination claims, as plaintiff's affidavit indicated that the EEOC investigator never contacted him to obtain his position and/or evidence which indicated that the EEOC violated its own regulations (29 C.F.R. § 1601.14 (1976)), and the evidence raised a fair inference that plaintiff would have informed the EEOC investigator that the alleged sex discrimination was a cause of his disparate treatment.[23]   *Id.* at 966-67.   In addition, under *Ostapowicz*, the court must find that the alleged discrimination claims that would have been uncovered by the EEOC investigation were reasonably within the scope of the charge filed with the EEOC, in order for the district court to exercise jurisdiction over those claims.  *Id.*  Without the latter finding, the Court of Appeals observed that the "charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the [EEOC] following his charge."  *Id.*  In *Hicks,* the Court of Appeals found the charge of discrimination complained of disparate treatment in broad terms, and a close nexus existed between the facts supporting the claims of race and sex discrimination.  *Id.*  Because there was a question as to whether a reasonable investigation of the charge as filed would have encompassed the sex discrimination claims, summary judgment was precluded.  *Id.*

---

23.  "A finding that the EEOC would have discovered a claim for sex discrimination in the course of a reasonable investigation does not itself meet the standard of *Ostapowicz*[, but] merely rebuts the presumption that the scope of the actual investigation is 'what can reasonably be expected to grow out of the charge of discrimination.'" *Hicks*, 572 F.2d at 967 (quoting *Ostapowicz,* 541 F.2d at 389-99).

Unlike the original charge in *Hicks,* here the allegations in the December 28, 2005 charge were not broadly worded, but rather, were directed specifically at Defendants' heightened scrutiny of Plaintiff's work and discretionary decisions based on her disability.  Moreover, the same actions in *Hicks* gave rise to claims for both race and sex discrimination, while here the amendments are based on different and distinct acts than those alleged the original charge.  In addition, unlike the plaintiff in *Hicks*, here Plaintiff appears to have been represented by counsel when she filed her original charge with the EEOC.  As to the second basis for the district court's jurisdiction in *Hicks, i.e.,* the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, that basis is simply not implicated here.  Unlike *Hicks,* in the case at bar neither the complaint nor the record contains any facts or evidence to support that the EEOC investigation was deficient in any manner, or that the Plaintiff would have or did raise the gender based claims with the EEOC investigator, such that a reasonable investigation by the EEOC would have encompassed the gender based claims.  In the absence of such pleading and/or evidence, no basis exists for the Court to consider whether the EEOC investigation reasonably would have included an examination of the gender based claims.  *See Twombly,* 127 S.Ct. at 1974 (dismissal is required where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face.")  For these reasons, *Hicks* is factually distinguishable from the case at bar, and therefore, is inapposite.

Because the Court has concluded that the amended charge does not relate back to the December 28, 2005 charge, and it is undisputed that the amendments were filed more than 300 days after her termination, Plaintiff's claims of gender discrimination and harassment are untimely.  Accordingly, the Court finds that Plaintiff has failed to exhaust her administrative remedies with

regard to her claims of gender discrimination and harassment, and therefore, will grant Defendants' motion to dismiss as to the gender based claims.[24]

### E.    Amendment of the Complaint as the Appropriate Remedy

Finally, Plaintiff submits that if the Court finds her hostile work environment claim lacks specificity, the proper remedy is amendment, not dismissal, given the liberal notice pleading standards as recognized by the Court of Appeals in *Weston v. Commw. of Pa. d/b/a Dep't of Corrections,* 251 F.3d 420 (3d Cir. 2001).   Defendants respond that Plaintiff's argument is not responsive to their motion to dismiss, as that motion seeks dismissal based on Plaintiff's failure to include her gender based claims in her EEOC charges, and her failure to exhaust her administrative remedies.   (Defs.' Reply Br. at 5.)   The Court agrees with Defendants.

Plaintiff's counsel appears to have inadvertently copied an argument from a brief in another case that is not applicable to the case at bar.   Thus, the Court will decline to consider Plaintiff's argument that she should be allowed to amend her complaint to provide further evidence or clarification as to a hostile work environment claim.[25]

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Court will grant Defendants' motion to dismiss as to Count II, and as to Plaintiff's claims of discrimination and harassment based on gender under Title

---

24.  The Court will grant Defendants' motion to dismiss without prejudice as to the gender based claims.   Plaintiff may be able to state, in an amended complaint, sufficient facts to show that her gender based claims are plausible on their face, if she is able to allege sufficient facts to show the authenticity of the October 11, 2005 charge (and intake questionnaire), and compliance with the statutory prerequisites to filing suit with regard to that charge.

25.  The Court's ruling does not foreclose Plaintiff from amending her complaint as noted in note 24, *supra.*   If Plaintiff desires to file an amended complaint, she should follow the appropriate procedure as set forth in Fed. R. Civ. P. 15(a).

VII.  In all other respects, Defendants' motion will be denied.  An appropriate Order follows.

## **ORDER**

AND NOW, this 18th day of October, 2007, in consideration of Defendants' Motion to Dismiss (Doc. No. 5), it is hereby ORDERED that said Motion is GRANTED IN PART and DENIED IN PART.  Said Motion is GRANTED as to Count II in its entirety and Count II is hereby DISMISSED WITH PREJUDICE.  It is further ORDERED that Defendants' Motion to Dismiss is GRANTED as to Plaintiff's Title VII claims of gender discrimination and harassment in Count I, and said claims are hereby DISMISSED WITHOUT PREJUDICE.  It is further ORDERED that Defendants' Motion to Dismiss is DENIED in all other respects.  It is further ORDERED that any amended complaint shall be filed within twenty (20) days of the date of this ORDER.


By the Court:


  s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc:    All Counsel of Record
       *Via Electronic Mail*

22